**John ECHOLS, Plaintiff,**

v.

**Michael WILLIAMS, et al., Defendants.**

**No. C–1–01–761.**

United States District Court,
S.D. Ohio,
Western Division.

May 15, 2003.

Thomas Graham Eagle, Thomas G. Eagle Co. LPA, Franklin, OH, for plaintiff.

Tomi L. Dorris, Assistant General, Columbus, OH, for defendant.

## ORDER

SPIEGEL, Senior District Judge.

This Matter is before the Court on the Defendants' Motion to Reopen Action and Motion to Compel Settlement Agreement (doc. 29), and Plaintiff's Memorandum in Response (doc. 30).

Defendants request that the Court reopen this case pursuant to its April 18, 2003 Order in which the Court dismissed the case with prejudice pursuant to the parties' settlement (doc. 28). The Court's Order permitted the case to be reopened upon good cause shown if such settlement was not consummated (*Id.*). Defendants indicate that on May 2, 2003, Plaintiff's counsel informed them that Plaintiff had changed his mind, did not wish to sign the settlement agreement, and wished to proceed to trial (doc. 29). Plaintiff's counsel concedes that although he cannot find a factual or legal basis to oppose Defendants' motion, he expresses Plaintiff's desire not to be bound by the settlement agreement (doc. 30). Attached to Plaintiff's counsel's motion is a memorandum in which Plaintiff offers reasons for changing his position on the settlement agreement that he had "previously agreed to accept" (*Id.*).

## I. Factual and Procedural History

This matter stems from the December 19, 1999 stop of Plaintiff, who was driving a commercial tractor-trailer through Butler County, Ohio, by Defendant Williams of the Ohio State Highway Patrol (hereinafer "OSHP") (doc. 1). Plaintiff alleges that such stop, unsupported by probable cause, ripened into an invalid search and seizure (*Id.*). Other OSHP troopers arrived to the scene and Plaintiff argued with them, demanding to see their superior. The troopers, finding nothing, decided to release

Plaintiff. Plaintiff was angered and wanted to see their superior. Defendant Blyberg threatened Plaintiff with arrest if he did not leave the site of the public road (*Id.*). Plaintiff complied and at a subsequent location on the same highway, called the 9–1–1 emergency telephone system, but terminated the call by hanging up prior to an operator responding (*Id.*). Defendants again made contact with Plaintiff and arrested him for "disruption of public services," a felony, and "false use of the 9–1–1 system," a misdemeanor (*Id.*). Plaintiff was jailed for nearly three days (*Id.*). Upon subsequent prosecution of Plaintiff, all charges against him were dropped either for lack of probable cause, for insufficient evidence, or for other reasons (*Id.*).

On November 1, 2001, Plaintiff asserted a number of constitutional violations against Defendants (*Id.*). The matter was set for trial on May 12, 2003 (doc. 9) and final pretrial conference on April 17, 2003 (doc. 25). At the April 17, 2003 conference, the Court conducted settlement negotiations between the parties that resulted in a settlement agreement between them (doc. 28). Plaintiff now regrets settling the case and would prefer to go to trial (doc. 30).

## II. Discussion

As an initial matter, a settlement agreement is a contract, and as such, is enforceable under contract law principles. *Bamerilease v. Nearburg*, 958 F.2d 150, 152 (6th Cir.1992). There is no basis to rescind a contract in the mere emotional regret of having agreed to its terms.

Secondly, the Court wishes to reiterate its view of the value of reaching the settlement of this matter. The Court's philosophy is that its function is to justly resolve disputes. In a free society such as ours there are bound to be conflicts between people. Due process of law is the procedure for the resolution of these conflicts peaceably. Justice is achieved when due process is impartially accorded the parties to a dispute.

In this case, as in all cases, the Court recommended to the Parties the importance of seeking a solution to their dispute short of trial on the merits. The Court bases such recommendation on the desire to spare the parties the expense, anxiety, uncertainty, and time required for a trial on the merits.

At the suggestion of counsel, the Court met with Plaintiff with the view of helping the parties arrive at an amicable settlement of the dispute. Similarly, with the assistance of counsel for the Defendants, the Court had the same discussion with representatives of the Defendants.

There is no doubt that Plaintiff feels deeply wounded emotionally by what occurred factually in this case. There is also no doubt that the Defendants recognize the pain of Plaintiff. In the eyes of the Court, the amount of the settlement agreed to by the parties, in six figures, is substantial and adequately recognizes the value of Plaintiff's claims. The settlement also includes other terms favorable to Plaintiff, including that the Ohio State Highway Patrol will issue a letter to Plaintiff indicating regret for the inconvenience caused as a result of the actions of its officers. Such settlement is fair, due process has been accorded, and justice is achieved.

It is said that a good settlement of a dispute is one where the parties agree that the settlement is favorable to both sides. The Court finds that the converse can be true as well: when both parties leave the table dissatisfied with the outcome. The Court realizes that Plaintiff has had second thoughts about the settlement, but

such thoughts are not uncommon to any settlement.

 The Court finds well-taken Defendants' arguments that as the parties agreed to the essential terms of their settlement, and that as only the memorialization of such agreement in writing remains, the parties are bound by the terms of the oral agreement. *RE/MAX International, Inc. v. Realty One, Inc.*, 271 F.3d 633, 646 (6th Cir.2001) *citing Brock v. Scheuner Corp.*, 841 F.2d 151 (6th Cir.1988). It is well established that the Court retains the inherent power to enforce agreements entered into in settlement of negotiation pending before it. *Brock*, 841 F.2d 151, 154.

### III. Conclusion

The Court concludes that under the circumstances of this case, there is no basis to find that there was not a meeting of the minds on the settlement agreement, and no substantial basis for concluding otherwise. Accordingly, the settlement agreement is enforceable. Inasmuch as this case was dismissed with prejudice following the settlement agreement, the Court considers the matter closed, and the parties shall promptly consummate their agreement.

The Court therefore DENIES Plaintiff's request that the settlement agreement be set aside (memo appended to doc. 30), and GRANTS Defendants' Motion to Reopen Action (doc. 29) to the extent that it considers their present motion and Plaintiff's request, as noted above.

SO ORDERED.